# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 50266 | **DATE** | 12/28/2012 |
| **CASE TITLE** | Darrion Omalley Foote vs. P. Drnek, et al. | | |

**DOCKET ENTRY TEXT:**

For the reasons stated below, the court grants defendant, Connie Wells's motion to dismiss without prejudice.

*Philip G. Reinhard*

■[ For further details see text below.]   Electronic Notices.

## STATEMENT - OPINION

Defendant, Connie Wells, filed a motion to dismiss her as a defendant pursuant to Fed. R. Civ. P. 12(b)(5), contending that the service of process on her was untimely under Fed. R. Civ. P. 4(m). Plaintiff responds that defendant is barred from relying on Rule 4(m) because she signed a waiver of service of summons which does not allow her to now object based on the untimeliness of service. Alternatively, plaintiff contends the untimeliness of service should be excused based on the fact he has been represented by a number of appointed counsel. Defendant has filed a reply.

After commencing a federal suit, the plaintiff must ensure that each defendant receives a summons and a copy of the complaint. Cardenas v. City of Chicago, 646 F. 3d 1001, 1004 (7th Cir. 2011). Unless the plaintiff can demonstrate good cause for being unable to do so, he must accomplish service of process within 120 days of filing to avoid dismissal of the suit. Cardenas, 646 F. 3d at 1004.

A defendant may enforce service of process requirements through a pretrial motion to dismiss under Rule 12(b)(5). Cardenas, 646 F. 3d at 1005. If, on its own or the defendant's motion, the court finds that the plaintiff has not met that burden and lacks good cause for not perfecting service, the court must either dismiss or specify a time within which the plaintiff must serve the defendant. Cardenas, 646 F. 3d at 1005. The decision of whether to dismiss or extend the period for service is inherently discretionary. Cardenas, 646 F. 3d at 1005.

Even in the absence of good cause, the court, in its discretion, may extend the time for service of process. Cardenas, 646 F. 3d at 1006. In exercising that discretion, the court may consider such factors as the expiration of the statute of limitations, the balance of hardships to the parties, any evasion of service, and the diligence in pursuing service. Cardenas, 646 F. 3d at 1006. While a court should consider arguments advanced by the plaintiff and pay particular attention to a critical factor such as the expiration of the statute of limitations, the court is not required to explain on the record its detailed reasoning as to each factor proposed by the plaintiff. Cardenas, 646 F. 3d at 1007. Further, even if the balance of hardships appears to favor an extension, the court retains the discretion to hold the plaintiff accountable for its inaction by dismissing. Cardenas, 6464 F. 3d at 1007.

## STATEMENT - OPINION

In this case, plaintiff makes two arguments as to why the court should disregard the 120-day limit in Rule 4(m) and grant him an extension of time for service. First, he contends that by waiving service of summons under Rule (4)(d) defendant gave up its right to challenge the timeliness of the service. Second, plaintiff asserts that the delay in service should be "excused" based on the number of appointed counsel in this case.

The first argument fails for several reasons. First, plaintiff cites no authority to support his contention that by accepting the waiver of summons that defendant waived any challenge to the timeliness of service under Rule 4(m). Nor has the court found any authority for such a proposition.

Second, the language of Rule 4(d)(4) itself defeats such a contention. Under that provision, the federal rules of civil procedure "apply as if a summons and complaint had been served at the time of filing the waiver." These rules necessarily would include Rule 4(m) and its 120-day requirement.

Third, the waiver at issue here provides that defendant retains all defenses "except for objections based on a defect in the summons or in the service of summons." This exception is not broad enough to encompass a challenge based on the timeliness under Rule 4(m). A defect in the service of summons would not include the timeliness of the service.

Fourth, Rule 4(d)(4) provides that when the plaintiff files the waiver of service the summons and complaint are considered to have been served at that time. That being the case, it is only logical that any delay in obtaining the waiver be treated the same as any delay in obtaining service for purposes of Rule 4(m). Thus, the filing of the waiver of service must also comply with the 120-day time limit.

Finally, if the court were to construe the waiver of service as also waiving any challenge to the timeliness of service it would defeat the purposes behind Rule 4(d)(4). For example, in this case, defendant would have simply refused to accept the waiver of service in order to preserve her challenge to the timeliness. In doing so, she would have forced plaintiff to engage in traditional service which would render Rule 4(d)(4) meaningless in this type of situation.

For all of these reasons, the court finds defendant did not waive her ability to challenge the timeliness of service of process by virtue of accepting the waiver of service of process.

That leaves the issue of whether plaintiff has shown good cause or any other justification for extending the time for service of process beyond the 120-day limit. Assuming that plaintiff is actually contending that good cause exists, his argument fails as the mere appointment of multiple attorneys is insufficient to show good cause. Nor does the neglect of any of those attorneys demonstrate good cause to excuse untimely service of process. See Falconer v. Gibsons Restaurant Group, LLC, 2011 WL 833613, * 4 (N.D. Ill. Mar. 4, 2011) (citing Floyd v. United States, 900 F. 2d 1045, 1047 (7th Cir. 1990); Powell v. Starwalt, 866 F. 2d 964, 965 (7th Cir. 1989)). Therefore, plaintiff has not shown good cause here.

Nor has plaintiff shown any other reason to extend the time period for completing service in this case. Plaintiff has not relied on any other factors, and the court, having considered the factors generally, finds in its discretion that there is no basis to justify extending the 120-day limit.[1]

For the foregoing reasons, the court grants defendant's motion to dismiss without prejudice.

---

1. Based on the allegations in the complaint, the conduct occurred on or after August of 2011. Thus, the applicable statute of limitations does not appear to have expired in this case.